Filed 8/11/16  P. v. Rutledge CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EUGENE DARREL RUTLEDGE,<br><br>        Defendant and Appellant. | A146158<br><br>(Alameda County<br>Super. Ct. No. 154409) |

Eugene Darrel Rutledge appeals from a post-judgment order denying his petition for resentencing under Penal Code section 1170.18.  His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

A.  <u>Underlying Proceedings</u>

An information filed in January 2007 charged Rutledge with 14 counts of second degree robbery and one count of attempted second degree robbery (count 7).  (Pen. Code, §§ 211, 212.5, subd. (c), 664.)[1]  The information alleged that Rutledge suffered a prior serious felony conviction (§ 667, subd. (a)) and a prior strike conviction (§§ 667, sub. (e); 1170.12, subd. (c)).

---

[1]     All statutory references herein are to the Penal Code.

1

In April 2007, the information was amended by interlineation to reduce the second degree robbery charge in count 1 to a charge of attempted second degree robbery (§§ 211/664), dismiss the second degree robbery charge in count 6, amend the allegations of count 15 to charge grand theft (§ 487, subd. (c)), and number all remaining counts consecutively.

Later in April 2007, a jury found Rutledge guilty of nine counts of second degree robbery (counts 3, 4, 5, 7, 8, 9, 10, 11, 12) and one count of attempted second degree robbery (count 6, previously count 7). The jury found him not guilty of attempted robbery (count 1), two other counts of second degree robbery (counts 2 and 13), and one count of grand theft (count 14, previously count 15). The jury found the allegation of his prior conviction to be true.

In May 2007, the court denied Rutledge's motion to strike his prior conviction pursuant to section 1385, and sentenced him to a total term of 20 years, four months, comprised of six years on the count 3 robbery (the three-year mid-term, doubled pursuant to section 667, subdivision (e)(1)); plus consecutive low terms of two years each on robbery counts 4, 7, 8 and 9; plus a consecutive low term of one year, four months for the count 6 attempted robbery; plus five years for the enhancement pursuant to section 667, subdivision (a)(1). The court also imposed concurrent two-year terms on counts 5, 10, 11, and 12. Rutledge was awarded 511 days of pre-sentence credits.

B.  Rutledge's Petition for Resentencing

On February 10, 2015, Rutledge submitted a petition to reclassify his felony second degree robbery convictions under section 211 as misdemeanor convictions under section 490.2, and to be resentenced accordingly, pursuant to section 1170.18. The court received the petition but did not file it.

On February 26, 2015, Rutledge sent a letter to the public defender, to whom the resentencing petition had apparently been routed. In the letter, which is included in the court file, Rutledge asserted that he was entitled to relief under his petition because the loss for each robbery count was below the $950 threshold of section 490.2, subdivision (a).

2

Rutledge sent a letter to the court, dated April 21, 2015, enclosing another copy of the petition. The court filed this petition on June 10, 2015.

On June 10, 2015, the court denied Rutledge's petition on the ground he was "not eligible for relief."

On August 7, 2015, Rutledge sent the superior court a notice of appeal from the "judgment" entered on June 10, 2015, ostensibly referring to the denial of his petition. The court stamped the notice of appeal as received on August 13, 2015, and marked it as "untimely." However, the court also filed the notice of appeal on August 13 or 18, 2015. A superior court clerk's certificate of mailing reflects that the court's order denying the resentencing petition was not mailed to Rutledge until July 31, 2015, about a week before he sent his notice of appeal. Indeed, in July 2015 Rutledge had submitted a "motion for a ruling order for petition for resentencing/reduction to misdemeanor," indicating he had not yet received the court's ruling.[2]

C. Appellate Proceedings

Rutledge's appointed appellate counsel filed a *Wende* brief in May 2016. According to counsel's declaration, she advised Rutledge that the *Wende* brief was being filed and that he could personally file a supplemental brief to raise any issue that he chose to call to this court's attention.

In May 2016, Rutledge submitted his supplemental brief. He contends the trial court erred in denying his resentencing petition because he was eligible for relief. In addition, he contends the judge who ruled on his resentencing petition was not the original sentencing judge, and the court, in denying his resentencing petition, did not make any factual determination indicating why he is ineligible.

Rutledge's supplemental brief also argues that the court, at his trial, abused its discretion in failing to instruct the jury sua sponte on the lesser included offense of robbery; his original sentence was unauthorized because the prosecution gave notice in the Information that all charged offenses were serious offenses (§ 1192.7, subd. (c)) but

---

[2]     Rutledge sent an additional notice of appeal and request for appointment of counsel, dated August 7, 2015, by placing it in the prison mail on August 10, 2015.

not violent offenses (§ 667.5, subd. (c)); his credits should have been awarded under sections 667 and 1170.12, not section 2933.1; and his original sentence was unauthorized because the Sixth Amendment of the United States Constitution prohibited the court from determining that his prior conviction was for a violent felony.

## II. DISCUSSION

Rutledge's appeal from the denial of his resentencing petition is timely. However, he fails to raise an arguable issue in this appeal.

Contrary to the first argument in his supplemental brief, Rutledge was not eligible for resentencing. Proposition 47 reduced to misdemeanors certain nonviolent offenses that were previously sentenced as felonies (or wobblers), including specified drug possession offenses and shoplifting, forgery, check fraud, theft, and receiving stolen property if the amount involved does not exceed $950. (§ 1170.18.) It also allows a person currently serving a sentence for such a felony, who would have been guilty of only a misdemeanor if Proposition 47 had been in effect at the time of the offense, to petition the trial court for resentencing. (§ 1170.18, subd. (a).) Upon receiving the petition, the court determines whether the petitioner satisfies the criteria. (§ 1170.18, subd. (b).) If so, the sentence is recalled and the petitioner is resentenced, unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).)

Here, however, Rutledge was sentenced on his convictions for second degree armed robbery and attempted second degree armed robbery (§§ 211; 212.5, subd. (c); 664). These crimes were not reduced to misdemeanors by Proposition 47. (See §§ 211; 213, subds. (a)(2), (b); § 1170.18, subd. (a).) Accordingly, Rutledge is not entitled to resentencing.

Rutledge's other arguments germane to the denial of his resentencing petition are also unavailing. He complains that the judge who ruled on his resentencing petition was not the original sentencing judge, but this is not a requirement. He contends that the court, in denying his resentencing petition, did not set forth any factual determination

4

indicating why he is ineligible, but his ineligibility is apparent from the face of the record.

As to the remaining contentions in his supplemental brief, Rutledge is actually challenging the judgment of conviction and his initial sentence, and he fails to demonstrate error in the denial of his petition for resentencing under section 1170.18.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

### III.  DISPOSITION

The order is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, ACTING P.J.

_____

BRUINIERS, J.

(A146158)